# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** SUFFOLK

---------------------------------------------------------------X

L.D. minor under the age of 14 years by JOHN DELLAGO,

                 Plaintiff/Petitioner,

   - against -                               Index No. 603912/2016

HARBOR FREIGHT TOOLS USA, INC.,

                 Defendant/Respondent.

---------------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

     PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

     NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

     Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

     The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

     **Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

     **Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 3/14/16

_____
Signature

DAVID J. RAIMONDO, ESQ.
_____
Name

DAVID J. RAIMONDO & ASSOCIATES
_____
Firm Name

2780 Middle Country Rd., Suite 312
_____
Address

Lake Grove, NY 11755

631-471-1222
_____
Phone

EVA@longislandaccident.com
_____
E-Mail

To: Harbor Feight Tools, USA, Inc.

9/3/15

FILED: SUFFOLK COUNTY CLERK 03/11/2016 10:23 AM                    INDEX NO. 603912/2016
NYSCEF DOC. NO. 1                                                  RECEIVED NYSCEF: 03/11/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------X
L.D, minor under the                             Index No.:
age of 14 years by her father and                Date Filed:
natural guardian, JOHN DELLAGO, and
JOHN DELLAGO, individually,

                          Plaintiffs,

                                        Plaintiffs designate Suffolk County
                                        as the place of trial

       -against-                           **SUMMONS**

HARBOR FREIGHT TOOLS USA., INC.,                 Basis of Venue:  Residence of Plaintiff
                                         Plaintiff(s) resides at: 22 Mahogany Road
                                                    Rocky Point, NY  11778

                          Defendant.
-------------------------------------------------X
**To the above-named Defendant(s):**

      You are hereby summoned and required to serve upon plaintiff's attorney an Answer to the Complaint in this action within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York.  In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.
      The basis of the venue designated is the residence of the plaintiff, which is: 22 Mahogany Road, Rocky Point, NY  11778.

        **NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING**

      PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts.  This notice is being served as required by Subdivision (b)(3) of that Section.

      The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel **and/or parties who do not notify the court of a** claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF.  Failure to do so may result in an inability to receive electronic notice of document filings.

      Exemptions from mandatory e-filings are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing,

1

including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: Lake Grove, New York
       March 11, 2016

DAVID J. RAIMONDO & ASSOCIATES
Attorney for Plaintiff(s)
Office & P.O. Address
2780 Middle Country Road- SUITE 312
Lake Grove, NY 11755
(631) 471-1222

TO:
Harbor Freight Tools USA, Inc.
c/o Secretary of State
80 State Street
Albany, NY 12207

**SEND TO YOUR INSURANCE CARRIER IMMEDIATELY**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------X
L.D., minor under the age of 14 years     Index No.:
by her father and natural guardian,
JOHN DELLAGO, and
JOHN DELLAGO, individually,

                Plaintiff,

-against-                         **VERIFIED COMPLAINT**

                                    Date Filed:

HARBOR FREIGHT TOOLS USA., INC.,

                Defendant.
------------------------------------------------X

      Plaintiffs, by their attorney, DAVID J. RAIMONDO & ASSOCIATES, complaining of the defendant, respectfully alleges, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

## ON BEHALF OF MINOR PLAINTIFF, L.D.

**FIRST:**          Plaintiffs are individuals and residents of the County of Suffolk, State of New York.

**SECOND:**     Upon information and belief, at all times hereinafter mentioned, the defendant, HARBOR FREIGHT TOOLS USA, INC., is a domestic corporation duly licensed and existing under the laws of the State of New York.

**THIRD:**        Upon information and belief, at all times hereinafter

mentioned, the defendant, HARBOR FREIGHT TOOLS USA, INC., is a foreign corporation duly licensed to transact business within the State of New York.

**FOURTH:** Upon information and belief, at all times hereinafter mentioned, on or about the 17th day of February, 2015, the defendant owned, operated, maintained and controlled the premises known as Harbor Freight Tools located at 1932 Middle Country Road, Centereach, NY 11720.

**FIFTH:** Upon information and belief, at all times hereinafter mentioned, on or about the 17th day of July, 2015, the defendant had a duty not to create a hazardous condition; the defendant had a duty to maintain, inspect, repair and keep its store reasonably safe and free from hazards and obstructions and had a duty to exercise reasonable care with regard to the premises inside as Harbor Freight Tools located at 1932 Middle Country Road, Centereach, NY 11720.

**SIXTH:** That it was the duty of the defendants, to so conduct themselves that it was safe and proper for individuals and /or patrons, including this two month old minor plaintiff, L.D., being held by her mother, Lisa Wells, to walk within the premises known as Harbor Freight Tools located at 1932 Middle Country Road, Centereach, NY 11720.

**SEVENTH:** That on or about the 17th day of July, 2015, the minor plaintiff,

L.D., was lawfully present with her mother, Lisa Wells, at Harbor Freight Tools located at 1932 Middle Country Road, Centereach, NY 11720.

**EIGHTH:** That on or about the 17th day of July, 2015, while Lisa Wells was carrying her two month old daughter, minor plaintiff, L.D., Lisa Wells was violently propelled to the ground when Lisa Wells tripped over the leg of an engine stand which was obscured from view and protruded into the aisle and prevented Lisa Wells and minor plaintiff, L.D. from safely patronizing the store and walking down the aisle free from hazard.

**NINTH:** That the aforestated occurrence was caused by the negligence, carelessness and recklessness of the defendants in creating a dangerous condition in the aisle of Harbor Freight Tools, in Centereach, New York; in displaying the engine stand in an obscured, protruding, improper and unsafe manner; in maintaining the aforestated premises in an unsafe and dangerous condition; in negligently, carelessly and recklessly allowing a hazardous condition to exist and remain in the aisle of Harbor Freight Tools; defendant failed to conduct periodic inspections; in failing to properly put back the engine display from the aisle to avoid a tripping hazard; defendant failed to warn plaintiff of the defect; in negligently, carelessly and recklessly allowed a hazardous and defective condition

5

to exist and remain at or about the premises above-mentioned; defendant failed to erect warnings, barricades or other devices to prohibit and/or warn plaintiff from walking onto the dangerous condition; in negligently, carelessly and recklessly failing to periodically inspect the aforestated premises and to guide and avoid against the creation of the unsafe and dangerous condition then and there existing after having had actual notice of the dangers condition thereon; in negligently hiring and negligently training personnel to properly display and/or return an engine stand to a safe and secure position away from the public walking the aisle; in failing to guard against the happening of this accident.

**TENTH:** This action falls within one (1) or more of the exceptions set forth in C.P.L.R. 1602.

**ELEVENTH:** The issue of Res Ipsa is raised in this action.

**TWELFTH:** That by reason of the foregoing, the minor plaintiff, L. D., sustained a skull fracture and was seriously injured from being violently propelled to the ground. Upon information and belief, some of plaintiff's injuries are of a permanent nature and character and plaintiff has suffered, and continues to suffer, physical pain and mental anguish. Plaintiff has expended and become obligated, and in the future will be obligated, for sums of money for medical care

and attention, in an effort to cure said injuries and to alleviate the pain and suffering. In addition, plaintiff has and is certain to lose salary and is disabled.

**THIRTEENTH:** As a result of the foregoing minor plaintiff, L. D., has been damaged in a sum in excess of the jurisdictional limits of all lower courts which might otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, JOHN DELLAGO

**FOURTEENTH:** Plaintiff, JOHN DELLAGO, repeats, reiterates and realleges each and every allegation contained in the paragraphs of the Complaint numbered, FIRST through THIRTEENTH, with the same force and affect as if more fully set forth herein at length.

**FIFTEENTH:** That the plaintiff, JOHN DELLAGO, is the father and natural guardian of the minor plaintiff, L.D.

**SIXTEENTH:** That by reason of the premises this plaintiff, JOHN DELLAGO, has expended and become obligated for sums of money for medical care and attention to the minor plaintiff in an effort to cure her injuries and to alleviate her pain and suffering. This plaintiff has lost the services and society of the minor plaintiff all to his damage in a sum in excess of the jurisdictional limits of

all lower courts which might otherwise have jurisdiction.

WHEREFORE, plaintiffs demand judgment against the defendant together with the interest, costs and disbursements on all causes of action.

_____
DAVID J. RAIMONDO, ESQ.

Yours, etc.,
DAVID J. RAIMONDO & ASSOCIATES
Attorney for Plaintiff
Office & P.O. Address
2780 Middle Country Road- SUITE 312
Lake Grove, NY 11755
(631) 471-1222; Fax No. (631)471-1980

# **VERIFICATION PAGE**

STATE OF NEW YORK )
:SS.:
COUNTY OF SUFFOLK)

John Dellago, _father & natural guardian of minor_, being duly sworn deposes and says:

That I am the plaintiff in the within action; I have read the foregoing _Summons & Verified Complaint_

Know the contents thereof. That the same is true to my own knowledge, except as to those matters to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
John Dellago, father & natural guardian of minor, L.D.

Sworn to before me this 11th day of March, 2016

_____
NOTARY PUBLIC

EVA ANZALONE
NOTARY PUBLIC, State of New York
No. 52-4667925
Qualified in Suffolk County
Commission Expires 1-31-2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

L.D. minor under the age of 14 years  
By her father and natural guardian, JOHN DELLAGO  
AND JOHN DELLAGO, individually,

Index No.:

Plaintiff(s),

-against-

HARBOR FREIGHT TOOLS USA., INC.,

Defendant(s).

---

SUMMONS & VERIFIED COMPLAINT

---

**DAVID J. RAIMONDO & ASSOCIATES**
**Attorney for plaintiff**
**2780 Middle Country Road**
**SUITE 312**
**Lake Grove, NY 11755**
**(631) 471-1222: FAX (631) 471-1980**

TO:

---

Service of a copy of the within                                    is hereby admitted

Dated:

Attorney for

---

PLEASE TAKE NOTICE

NOTICE OF ENTRY_____ that the within is a (certified) true copy of a                entered in the
office of the Clerk of the within named Court on                19

NOTICE OF SETTLEMENT_____ that an Order of which the within is a true copy will be presented to the Honorable
, one of the judges of the within named Court, at,
19    , at              M.

Dated:

DAVID J. RAIMONDO & ASSOCIATES
Attorney for
2780 Middle Country Road
Lake Grove, NY 11755

TO:

11

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested



USPS CERTIFIED MAIL

9214 8969 0059 7935 1699 87

20160401 0317
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY, 12207-2543